BRADFORD HEARD v. THE STATE.

No. 7772. Decided June 20, 1923.

Rehearing denied October 31, 1923.

**1.—Theft—Circumstantial Evidence—Insufficiency of Evidence.**

Where, upon trial of theft of over the value of fifty dollars, the alleged stolen property was not sufficiently identified, under the rule of presumption of innocence, the judgment must be reversed and the cause remanded.

**2.—Same—Hearsay Evidence.**

The testimony of the agent of the express company as to the contents of certain packages, which he had never seen and which contents he only knew from an invoice, was hearsay and inadmissible.

**3.—Same—Name of Owner—Idem Sonans.**

This court has never held, where there is such an apparent discrepancy in the name of the alleged owner, both in the spelling and sound of the two names, that Conway and Conroy could be *idem sonans*, and the variance was, therefore, fatal.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of theft of the value of over fifty dollars; penalty, ten years' imprisonment in the penitentiary.

The opinion states the case.

*Geo. E. Gordon* for appellant. On question of insufficiency of the evidence, Green v. State, 12 Texas Crim. App., 51; Owens v. State, 35 Texas, 36; Williams v. State, 230 S. W. Rep., 156.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of ten years.

According to the indictment, appellant and another were charged with the theft of "one package containing six ladies' skirts; one paper carton containing three ladies' suits and fifteen children's coats; and one paper carton containing thirty-six pair of ladies' shoes." The value of the articles was also given.

The owner named was Ellis Conway, who was an agent of the American Railway Express Company at Houston.

The State relied on circumstantial evidence. From the testimony we understand that certain merchants in Houston were expecting shipments of merchandise from parties in eastern cities. The Lewis-Blumrich Dry Goods Co., was expecting a shipment from Kitchener & Co. of New York which included a package containing four ladies' suits and fifteen children's coats. The other packages in the shipment were received on the 20th or 21st of August, but the one mentioned was missing. The Dell-Burt Shoe Co. was expecting in a shipment from Hamburger Bros. of Boston, Mass., a package containing thirty-six pair of ladies' shoes. Part of that shipment was received but the package mentioned was missing. The Pincus-Jarrett Dry Goods Company was expecting from Einstett & Joseph of New York a package containing six ladies' skirts but it was never received.

An employee of the American Railway Express Company testified that just before noon on the 20th of August, he checked up the packages in his office and found none missing, but that later in the day he re-checked them and found missing, a package consigned to Lewis-Blumrich Dry Goods Co., from Kitchener & Co., of New York; one consigned to Dell-Burt Shoe Co. from Hamburger Bros. of Boston; and one consigned to the Pincus-Jarrett Dry Goods Co. from Einstett & Joseph of New York.

A witness for the State testified that on the 20th of August, he saw a Ford car near the rear door of the American Railway Express Company and saw two negroes coming from the back of the building. One of them had one package and the other had two packages under his arms, which they put into the car and drove away. The witness hollered at them but they did not stop. The witness declared that one of them was the appellant.

Another witness testified that he saw three negroes upon the premises of the American Railway Express Company at about the same time and that one of them was the appellant.

Appellant by his own testimony and by that of others presented the theory of alibi. None of the missing goods were found in his possession.

The sufficiency of the evidence is called in question. The packages carried out of the express office and put into the automobile are not described. Whether they were cartons such as are described in the indictment, whether they were large or small and what they contained is not shown by the witnesses who claimed to have seen the appellant and others in possession of the packages. In other words, they did not give any testimony which identified the packages as those which are alleged to have been stolen other than the fact that they came from the express company's place of business. Whether other packages were missing is not shown. What the packages contained is not proved. The merchants were expecting certain articles to be shipped by parties in Boston and New York who were named. The packages from these parties consigned to the merchants in Houston were received by the express company. What, if anything, was put into them by the shippers is a matter upon which the record is silent. It may be that the packages contained the articles described in the indictment. If so, doubtless, this fact could be proved. With the record before us, it is not proved. That the articles described were in the packages mentioned is a matter of conjecture or presumption arising from the fact that the consignees were expecting that the packages would contain the articles, and certain packages were in the hands of the express company in Houston bearing the name of the consignors and consignees detailed in the evidence. We believe the presumption mentioned should not prevail against the presumption of innocence. The facts mentioned do not meet the requirements of the law and show to a moral certainty the guilt of the appellant of the theft of the articles described in the indictment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

October 31, 1923.

LATTIMORE, JUDGE.—A re-examination of the statement of facts but serves to further convince us of the correctness of the decision in our former opinion. The testimony of the agent of the express company as to the contents of certain packages which he had never

seen and which contents he only knew from an invoice, was the rankest kind of hearsay and amounted to no evidence at all and should not have been permitted. The witness could not know the contents of the packages from the invoices.

Our attention is also attracted by the further proposition that the indictment alleged the property to belong to Ellis Conway. The witness who testified that he was the agent of the express company and had the goods under his care, control and management, said his name was Ellis Conroy. In his Annotated P. C., pp. 11 and 12 Mr. Branch cites many authorities on the proposition of *idem sonans*. From an examination of them we think it clear that this court has never held where there is such an apparent discrepancy in the spelling and sound of the two names, that Conway and Conroy could be *idem sonans*. Our conclusion is that they are not and that the case might also have been reversed for failure of proof and allegation to correspond.

The motion for rehearing is overruled.

*Overruled.*